BANCO COMERCIAL DE PUERTO RICO, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 786. Submitted November 4, 1929.—Decided December 19, 1929.

*Oscar Souffront* and *Gabriel de la Haba,* for petitioner. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The District Court of Mayagüez ordered the forfeiture of a bond given by certain sureties in order to release from attachment the property of defendants in an action brought by El Banco Comercial de Puerto Rico. Plaintiff then moved for and obtained an order for attachment of property belonging to one of the sureties. The writ issued by the secretary contained a copy of this order and was endorsed by the marshal of the District Court of Mayagüez to the marshal of the District Court of San Juan, who presented it to the registrar of property for annotation in the registry. The registrar refused to make the entry on the ground that the District Court of Mayagüez was not shown to have acquired jurisdiction over the person of the surety.

Sections 1 and 2 of "An Act to amend 'an act to secure the effectiveness of judgments,' " Laws of 1916, 77, read as follows:

"Section 1.—That section 3 of 'An Act to secure the effectiveness of judgments', as approved March 1, 1902, as amended by Act of March 12, 1903, is hereby amended so as to read as follows:

" 'None of the preceding remedies shall be decreed, unless an action is entered, and a petition praying such remedy is made. The petition praying for any such remedy may be entered when the action

is entered or at any stage of the proceedings before or after judgment. If security of judgment is prayed after the same has been rendered no bond shall be required.'

"Section 2.—That section 16 of said Act (5248 of the Compilation) is hereby repealed, the following to be inserted in place thereof:

" 'After final judgment has been pronounced in favor of a litigant who has obtained a warrant of attachment to secure the effectiveness of said judgment, if said warrant of attachment shall have been suspended or rendered ineffective by virtue of a bond or deposit, the forfeiture of the bond in favor of the aforesaid litigant shall be decreed, and an order of execution against the party sentenced by judgment shall be issued. If the order of execution is returned unexecuted in whole or in part, a new order of execution shall be issued against the bondsmen for the unsatisfied remainder, the procedure established in sections 307 and 312, inclusive, of the Code of Civil Procedure, to be followed against said bondsmen.' "

Section 14 of the Law of 1902 (to secure the effectiveness of judgments), Comp. 1911, section 5246, provides that—

"All allegations made by either party in the course of the proceedings regarding the remedy, shall be substantiated, notifying the other party by means of a summons to appear before any of the judges, each party having then an opportunity to produce their proofs. The court shall immediately decide the question but in no case shall the incidental questions interfere with the course of the proceedings in the principal question or suit. Not more than five days shall elapse between the time the summons is served, and the appearance of the parties at the hearing, which shall not be suspended for any reason. Every decision of the court shall immediately be carried into effect, but the injured person may protest and declare his intention to take an appeal, as provided in the law of civil procedure, against the final judgment of the court."

Section 96 of the Code of Civil Procedure says that—

"When the action is against two or more defendants jointly or severally liable on a contract, and the summons is served on one or more, but not on all of them, the plaintiff may proceed, against the defendants served in the same manner as if they were the only defendants."

By the terms of section 307:

"When a judgment is recovered against one or more of several persons, jointly indebted upon an obligation, by proceeding as provided in section 96, those who were not originally served with the summons, and did not appear in the action, may be summoned to show cause why they should not be bound by the judgment in the same manner as though they had been originally served with the summons"

Section 308 prescribes what the summons shall contain and how it shall be served. It also says that a new complaint need not be filed. Section 309 requires that the summons be accompanied by an affidavit, and prescribes the contents of such affidavit. Section 310 specifies the defenses which may be pleaded by a defendant in his answer. Section 311 defines what shall constitute the pleadings in the proceedings according to circumstances as determined by the nature of the defense set up in the answer. Section 312 indicates the manner in which the issue shall be tried, and limits the amount of the judgment which may be rendered in certain circumstances.

The proceeding outlined in sections 307 to 312, *supra,* is purely statutory. In substance it is a new action, whether it be in the nature of an action on the judgment already rendered or an action upon an original obligation not wholly merged in the judgment but saved from such merger by statute subject to the limitations of the statutory remedy.

Jurisdiction over the person of a defendant has never been regarded as a prerequisite to the issuance of a writ of attachment in this jurisdiction, nor, so far as we know, in any other. Section 16 of the Act to secure the effectiveness of judgments and section 307 of the Code of Civil Procedure must be construed in connection with other sections of the act to secure the effectiveness of judgments and especially with section 3 thereof as amended in 1916. The only requirement of that section (in so far as we are now concerned therewith) is that an action shall have been "entered".

In the instant case the action was "entered" when the motion for a decree of forfeiture was filed. The proceeding herein, although summary in form, is in fact an action on the bond. It may be conceded, without holding, that the sureties under the provision of section 307, *mutatis mutandis,* were entitled to an order to show cause why the decree of forfeiture should not be entered. It does not follow that they were entitled to an order to show cause why the writ of attachment should not issue either before or after the decree of forfeiture.

Section 9 of the Act to secure the effectiveness of judgments ordains that—

"The attachment and order prohibiting the alienation of real property shall be recorded in the registry of property, the court notifying the defendant thereof, and warning him that he cannot alienate the property attached except at public auction and after notice shall have been given to the plaintiff to be present at the sale . . . ."

This court has heretofore held that the notice and warning provided for in this section need not precede the entry in the registry of property. *M. Michelin & Co.* v. *Registrar of Property,* 37 P.R.R. 587. No other notice or warning is required. The motion for an attachment is the initial step in the proceeding. It is not one of the "allegations made by either party in the course of the proceedings regarding the remedy," within the purview of section 14.

The ruling appealed from will be reversed and the case remanded with instructions to note the attachment.